BECK LAW, PC
John Hanusz (SBN 277367)
Email: jhanusz@markbecklaw.com
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105
Telephone: (213) 596-7828

MORRISON COHEN LLP
Jason Gottlieb (*pro hac vice*)
Email: jgottlieb@morrisoncohen.com
Modupeolu Adegoke (*pro hac vice*)
Email: dadegoke@morrisoncohen.com
909 Third Avenue
New York, New York
10022

Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Attorneys for Plaintiffs Vitaly Anaykin and Konstantin Bondarev

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY ANAYKIN and KONSTANTIN BONDAREV,<br><br>            Plaintiffs,<br><br>     v.<br><br>NIKOLAY EVDOKIMOV, MARIA BATURA, and CRYPTONOMICS CAPITAL,<br><br>            Defendants. | Case No. 19-cv-08165-DSF (AFMx)<br><br>**PLAINTIFFS VITALY ANAYKIN AND KONSTANTIN BONDAREV'S MOTION FOR PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS .............................................................................. 2

III. ARGUMENT ................................................................................................... 4

    A. Batura Should be Barred from Proceeding with In-Person Depositions Due to the Pandemic, Because Video Depositions Are Sufficient .......................................... 4

    B. Sanctions are Appropriate and Permitted Under the Federal Rules .......................... 7

CONCLUSION .......................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*ARP Wave, LLC v. Salpeter*,
   No. 18-CV-2046-PJS-ECW, ECF No. 164 (D. Minn. Apr. 10, 2020) .................................. 7

*Bangkok Broad. & T.V., Co. v. IPTV Corp.*,
   No. 09-cv-3803-SJO-SS, 2010 WL 11507310 (C.D. Cal. Apr. 22, 2010) ........................... 4

*Gould v. Motel 6 Inc.*,
   No. CV-09-8157-CAS-FMO,
   2011 WL 13128160 (C.D. Cal. Mar. 28, 2011) .................................................................. 4

*Harris v. Johanson*,
   No. 18-cv-1319-GW-KK, 2019 WL 3064476 (C.D. Cal. May 3, 2019) ............................. 7

*Joffe v. King & Spalding LLP*,
   No. 1:17-cv-03392-VEC-SDA, ECF No. 239 (S.D.N.Y. June 4, 2020) ......................... 5, 6

*Sanho Corp. v. Kaijet Tech. Int'l Ltd., Inc.*,
   No. 1:18-cv-05385-SDG, ECF No. 161 (N.D. Ga. Mar. 30, 2020) .................................... 7

*US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
   No. 12-cv-3046-RGK-MRW,
   2012 WL 12895840 (C.D. Cal. Nov. 30, 2012) .................................................................. 4

*Yoon v. Lee*,
   No. 11-cv-VAP-KK, 2020 WL 2946053 (C.D. Cal. June 3, 2020) ..................................... 6

### RULES & REGULATIONS

Fed. R. Civ. P. 26(c) .............................................................................................................. 2, 4, 7

Fed. R. Civ. P. 26(f) ........................................................................................................................ 3

Fed. R. Civ. P. 28 ............................................................................................................................ 4

Fed. R. Civ. P. 30(b)(4) .................................................................................................................. 4

Fed. R. Civ. P. 37(a)(5) .................................................................................................................. 7

### OTHER AUTHORITIES

"Global Level 4 Health Advisory – Do Not Travel" (Mar. 31, 2020), available
   at https://travel.state.gov/content/travel/en/traveladvisories/ea/travel-
   advisory-alert-global-level-4-health-advisory-issue.html .................................................... 5

U.S. Embassy & Consulates in Russia, *Covid-19 Information*,
  https://ru.usembassy.gov/covid-19-infomration/ (last updated July 28, 2020) ...................... 6

U.S. Embassy in Montenegro, *Covid-19 Information*,
  https://me.usembassy.gov/covid-19-information/
  (last updated July 22, 2020) ........................................................................................ 5

iii
MOTION FOR PROTECTIVE ORDER

## I. INTRODUCTION

Plaintiffs Vitaly Anaykin ("Anaykin") and Konstantin Bondarev ("Bondarev," and collectively, "Plaintiffs") hereby move for a protective order regarding Defendant Maria Batura's ("Batura") Notices of Deposition to Plaintiffs.

The only question in this motion is whether the depositions of Plaintiffs can be held by video (as Plaintiffs have proposed), or must be in person, in Los Angeles, as Batura insists must be the case.

Plaintiffs (two foreign nationals who reside in Montenegro and Russia, respectively) are absolutely willing to make themselves available for a deposition by video during the 30-day window scheduled for depositions in this case. But Batura is insisting that, during the worst pandemic in 100 years, they embark on round trip 12-plus hour flights – with connections – in order to travel to Los Angeles, to sit in a conference room with multiple people, in order to be deposed in person.

The United States has formal travel restrictions in place. The State Department has advised against all international travel. The Governor of California has ordered a continuation of the state's Stay at Home Order. Los Angeles County has over 176,000 COVID-19 infection cases, a number that is increasing by the thousands daily. This Court has adopted COVID-19 related safety precautions as well, including prohibiting in-person hearings for civil matters. It is safe to say that federal, state, and local authorities, as well as this very Court, have agreed that traveling to gather in groups is – to say the least – ill-advised. Conducting in-person depositions under these conditions is simply unfeasible, especially in light of a reasonable alternative.

Recognizing this reality, in early June 2020, Plaintiffs' counsel proposed video depositions. Batura's counsel refused, and insisted on in-person depositions in Los Angeles. Counsel on both sides hoped that the situation would improve before the September deposition period. Alas, in the eight weeks since, the

pandemic has only gotten more dangerous. Yet, in recent correspondence, Batura's counsel continues to remain insistent that Plaintiffs and their counsel risk their health and safety to hold an in-person deposition that can easily be conducted via videoconference in accordance with the Federal Rules of Civil Procedure.

Plaintiffs now move under Rule 26(c) for a protective order regarding Batura's Notices of Depositions for both Plaintiffs such that the depositions may be conducted by videoconference.

## II. STATEMENT OF FACTS

Using the Cryptonomics' Capital ("Cryptonomics") website, promotional videos, and cryptocurrency conferences, Defendants advertised that, with Cryptonomics acting as the intermediary, Plaintiffs could make safe cryptocurrency investments. Am. Compl. ¶ 40. Per Cryptonomics' now-defunct website, Defendants' repeatedly misrepresented that Plaintiffs, through the use of the Cryptonomics model, were guaranteed a successful return on their investment if they invested through Defendants. *Id.*.

Lured by Defendants' misrepresentations and false assurance of favorable returns, Plaintiffs made numerous investments with Defendants. *Id.* ¶¶ 81, 86. From December 11, 2017 to January 13, 2018, Plaintiffs made a series of investments (in Bitcoin) with Cryptonomics, amounting to over US$1 million. *Id.* ¶¶ 81-86. To date, Plaintiffs have neither seen a return on their investments, nor the return of any principal, despite repeated demands. *Id.* ¶¶ 85, 87. As it happened, Defendants were running a scam. *Id.* ¶ 2. Defendants, violating multiple federal securities laws, acted as unregistered brokers and sold Plaintiffs unregistered securities offerings. *Id.* ¶¶ 46, 88-94.

On September 20, 2019, Plaintiffs filed this action against Defendants Evdokimov and Cryptonomics. ECF No. 1. On December 9, 2019, Plaintiffs filed their First Amended Complaint, adding Defendant Maria Batura, Evdokimov's ex-

wife and co-conspirator.  ECF No. 22.  On February 18, 2020, Batura filed her answer to the Amended Complaint. ECF No. 28.  Pursuant to the Court's February 19, 2020 Order, Plaintiffs and Batura filed their Joint Rule 26(f) Discovery Plan. ECF Nos. 29; 34.  Per the Discovery Plan, the parties agreed that depositions of fact witnesses would be held between September 1-30, 2020.

In a series of email exchanges between June 1-5, 2020, counsel for both parties discussed dates and locations for Plaintiffs' depositions.  Declaration of Jason Gottlieb in Support of Plaintiffs Vitaly Anaykin and Konstantin Bondarev's Motion for Protective Order, dated July 31, 2020 (the "Gottlieb Decl.") ¶ 8, Ex. 1. Plaintiffs' counsel informed Batura that given the global pandemic, and Anaykin and Bondarev's current locations in Montenegro and Russia respectively, travel would be extremely difficult.  Gottlieb Decl. ¶ 11.  Batura's counsel, ignoring Plaintiffs' concerns regarding COVID-19, reiterated his insistence that depositions should be conducted in-person in California.  Gottlieb Decl. ¶ 10.

On July 23, 2020, Batura emailed Plaintiffs two Notices of Depositions, seeking in-person depositions to be held in Covina, California on September 16-17, 2020.  Gottlieb Decl. ¶ 13, Ex. 2.

In response, Plaintiffs notified Batura that Plaintiffs could not travel to appear in California for in-person depositions due to the sharp rise of COVID-19 infections in California. Gottlieb Decl. ¶ 14, Ex. 2 (Plaintiffs' counsel also objected to the particular dates of September 16 and 17 because of a pre-existing arbitration hearing – also being held by videoconference due to the pandemic – but offered other dates in September.  Gottlieb Decl. ¶ 15, Ex. 2.)  Batura, refused to compromise on the dates or agree to a video deposition, instead stating that Plaintiffs would have to move for a protective order.  This motion followed.

## III. ARGUMENT

### A. Batura Should be Barred from Proceeding with In-Person Depositions Due to the Pandemic, Because Video Depositions Are Sufficient

Under Rule 26(c) of the Federal Rules of Civil Procedure, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court can thus designate the "time and place . . . for the disclosure or discovery." *Id*. Moreover, under Rule 30(b)(4), "the court may on motion order … that a deposition be taken by telephone or other remote means." *See also Gould v. Motel 6 Inc.*, No. CV-09-8157-CAS-FMO, 2011 WL 13128160, at *6,*8 (C.D. Cal. Mar. 28, 2011) ("Leave to take depositions by remote electronic means should be liberally granted.") (citations omitted); Fed. R. Civ. P. 28.

The court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required," and courts have routinely allowed depositions to be conducted via videoconference when good cause is shown. *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-3046-RGK-MRW, 2012 WL 12895840, at *2 (C.D. Cal. Nov. 30, 2012) (citation omitted); *Gould*, 2011 WL 13128160, at *8 (holding that due to circumstances beyond the witness's control (immigration), her deposition would be conducted via videoconference); *Bangkok Broad. & T.V., Co. v. IPTV Corp.*, No. 09-cv-3803-SJO-SS, 2010 WL 11507310, at *2 (C.D. Cal. Apr. 22, 2010) (good cause was shown to justify the witness's deposition be taken by videoconference in Thailand).

Given the current global pandemic, good cause exists to conduct Plaintiffs' depositions by video.

First, forcing Plaintiffs to travel to California for an in-person deposition would needlessly expose them to numerous health risks and severely increase their chances of contracting COVID-19. Plaintiffs would be in an enclosed space for at

least 12 hours and forced to land in California, which is currently under a state of emergency. "The burden on the witnesses, in the form of potential exposure and infection for them and their families, needs no further elaboration." *Joffe v. King & Spalding LLP*, No. 1:17-cv-03392-VEC-SDA, ECF No. 239, at 6 (S.D.N.Y. June 4, 2020). *See also* Gottlieb Decl. ¶ 21, Ex.6. As that court wrote:

> Evidence continues to accumulate that, depending on the length of time for which individuals share an indoor space, merely maintaining a distance of six feet is likely insufficient to prevent transmission. Kimberly A. Prather et al., Reducing transmission of SARS-CoV-2, Science (May 27, 2020) ("Increasing evidence for SARS-CoV-2 suggests the 6 ft CDC recommendation is likely not enough under many indoor conditions where aerosols can remain airborne for hours, accumulate over time, and follow air flows over distances further than 6 ft."), https://science.sciencemag.org/content/early/2020/06/02/science.abc6197.1. Plaintiff's proposal requires counsel or witnesses to travel across state lines from disparate places of origin, congregate for several hours in a confined space, and then disperse back to their homes. And because Plaintiff is insisting that he needs to observe the witnesses' demeanor, face masks would presumably not be used. Those conditions are undoubtedly a bad mix during a pandemic.

*Id.*

Second, because the United States has one of the worst COVID-19 outbreaks in the world, many countries have restricted and/or outright banned travel to and from the United States. The U.S. State Department website advises people "to avoid all international travel due to the global impact of COVID-19." *See* "Global Level 4 Health Advisory – Do Not Travel" (Mar. 31, 2020); Gottlieb Decl. ¶ 18 & Ex. 3. The Montenegrin Embassy warns that "Citizens of Montenegro . . . who enter Montenegro from countries where the confirmed rate of active cases of coronavirus is higher than 25 per 100,000 inhabitants are ordered to be placed in self-isolation or quarantine for 28 days." U.S. Embassy in Montenegro, *Covid-19 Information*; Gottlieb Decl. ¶ 19 & Ex. 4. The Russian Embassy advises that "The city of Moscow requires all travelers to quarantine for 14 days after arrival." U.S. Embassy & Consulates in Russia, *Covid-19 Information*; Gottlieb Decl. ¶ 21, Ex. 5. Thus, if Plaintiffs were even able to travel

out of their countries at all – which may or not even be possible, as flights are restricted as well – they would face substantially lengthy quarantines upon their return.

Third, Batura would not be prejudiced if Plaintiffs' depositions were conducted via videoconference. Through videoconference, Batura's counsel would be able to discern facial expressions and nonverbal mannerisms – which would not be possible in an in-person deposition, as all parties would be required to wear face masks.

For these reasons, federal courts across the United States have ordered the use of virtual depositions because of the pandemic:

- *Yoon v. Lee*, No. 11-cv-VAP-KK, 2020 WL 2946053, at *5 (C.D. Cal. June 3, 2020) ("in light of the current global pandemic involving the Coronavirus Disease 2019 ('COVID-19'), it appears somewhat unreasonable for Defendants to continue to insist on Plaintiff traveling to Los Angeles to appear for a deposition, particularly in light of other possible alternatives to an 'in-person' deposition such as a remote deposition by videoconference.")

- *Joffe v. King & Spalding LLP*, No. 1:17-cv-03392-VEC-SDA, ECF No. 239, at 6 (S.D.N.Y. June 4, 2020) (unreported; appended hereto as Gottlieb Decl. Ex. 6) (directing the parties to proceed by remote deposition because plaintiff's requests for an in-person deposition would require "counsel or witnesses to travel across state lines from disparate places of origin, congregate for several hours in a confined space, and then disperse back to their homes. And because [p]laintiff is insisting that he needs to observe the witnesses' demeanor, face masks would presumably not be used. Those conditions are undoubtedly a bad mix during a pandemic. The burden on the witnesses, in the form of potential exposure and infection for them and their families, needs no further elaboration.")

- *Sanho Corp. v. Kaijet Tech. Int'l Ltd., Inc.*, No. 1:18-cv-05385-SDG, ECF No. 161, at 1 (N.D. Ga. Mar. 30, 2020) (unreported; appended hereto as Gottlieb Decl. Ex. 7) (denying request to compel the appearance of a resident of Taiwan for an in-person deposition in Atlanta, "[p]articularly in light of recent developments concerning the spread of COVID-19 in the United States and across the world")
- *ARP Wave, LLC v. Salpeter*, No. 18-CV-2046-PJS-ECW, ECF No. 164 (D. Minn. Apr. 10, 2020) (unreported; appended hereto as Gottlieb Decl. Ex. 8) (ordering that depositions take place remotely via videoconference in light of the COVID-19 pandemic)

Plaintiffs see no justifiable reason to risk exposure by engaging in a 12-plus hour international flight (requiring connections), undergoing hours of questioning in a confined space, and then making an additional 12-plus hour return flight to their respective countries, only to be isolated from their families and workplaces for 14 or 28 days upon their return.

Accordingly, the Court should grant Plaintiffs' motion for a protective order, such that Plaintiffs' depositions be conducted via videoconference.

### B. Sanctions are Appropriate and Permitted Under the Federal Rules

Under Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure, the court has the discretion to award the prevailing party's expenses on a motion for a protective order. *Harris v. Johanson*, No. 18-cv-1319-GW-KK, 2019 WL 3064476, at *4 (C.D. Cal. May 3, 2019)

Since the beginning of June 2020, Batura's counsel has refused to compromise regarding the location and method of Plaintiffs' depositions. Despite the COVID-19 crisis in California progressively worsening, Batura has insisted that Plaintiffs and their counsel, expose themselves to the Coronavirus, and possibly spread it to their families and others. Even with videoconferencing

readily available, Batura would have Plaintiffs ignore the many federal and state regulations that strongly discourage any type of long-distance travelling.

As evidenced by the parties' email correspondence, the need to file the instant motion could have been negated if Batura's counsel simply agreed to video depositions. Batura's counsel refused, and Plaintiffs were forced to move for this protective order, and incur fees troubling this Court with this motion.

Accordingly, the Court should order Batura to pay Plaintiffs' reasonable attorneys' fees in relation to this motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs Vitaly Anaykin and Konstantin Bondarev respectfully request that the Court grant their motion for a protective order to hold Plaintiffs' depositions via videoconference, and award Plaintiffs their reasonable attorneys' fees.

Dated: July 31, 2020

Respectfully submitted,
**MORRISON COHEN LLP**

By: /s/ Jason Gottlieb
Jason Gottlieb (*pro hac vice*)
Modupeolu Adegoke (*pro hac vice*)

**BECK LAW, PC**

By: /s/ John Hanusz
John Hanusz

Attorneys for Plaintiffs Vitaly Anaykin and Konstantin Bondarev