HANUSZ LAW, PC
John Hanusz (SBN 277367)
Email: john@hanuszlaw.com
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 204-4200

MORRISON COHEN LLP
Jason Gottlieb (*pro hac vice*)
Email: jgottlieb@morrisoncohen.com
Modupeolu Adegoke (*pro hac vice*)
Email: dadegoke@morrisoncohen.com
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Attorneys for Plaintiffs Vitaly Anaykin and Konstantin Bondarev

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY ANAYKIN and KONSTANTIN BONDAREV,<br><br>Plaintiffs,<br><br>v.<br><br>NIKOLAY EVDOKIMOV, MARIA BATURA, and CRYPTONOMICS CAPITAL,<br><br>Defendants. | Case No. 19-CV-08165-DSF-AFM<br><br>**DECLARATION OF JASON GOTTLIEB IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS NIKOLAY EVDOKIMOV AND CRYPTONOMICS CAPITAL** |

# DECLARATION OF JASON GOTTLIEB

I, Jason Gottlieb, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a partner at Morrison Cohen LLP, and an attorney admitted to practice law by the State Bar of New York and admitted to appear pro hac vice on behalf of Plaintiffs before this Court.

2. I have personal knowledge of the matters set forth herein, except as otherwise noted, and, if called as a witness, I could and would competently testify under oath to the facts stated herein.

3. Plaintiffs filed this action on September 20, 2019. Dkt. No. 1.

4. On December 9, 2019, Plaintiffs filed the First Amended Complaint, adding Maria Batura ("Batura"), Evdokimov's wife and coconspirator in the scheme. Dkt. No. 22. Batura has appeared in this case, and filed her answer on February 18, 2020. *See* Dkt. No. 28. However, on May 26, 2021, Batura was dismissed voluntarily from this litigation. *See* Dkt. No 83. Batura is no longer a defendant in this action, and this motion for default judgment is only against Evdokimov and his company Cryptonomics Capital (the "Defaulted Defendants").

5. Plaintiffs were unable to personally serve Nikolay Evdokimov and Cryptonomics Capital with the Summons and First Amended Complaint.

6. Per the Court's February 28, 2020 Order, Plaintiffs were permitted to serve the Defaulted Defendants by publication in the Los Angeles Times and through the Defaulted Defendants' respective Facebook, LinkedIn, Twitter, Instagram, and Telegram sites.

7. On March 4, 2020, Plaintiffs' counsel e-mailed the summons to Evdokimov's last known e-mail address and did not receive a bounce-back email.

8. Cryptonomics' website, https://www.cryptonomics.io, which was operational and publicly accessible as of the filing of the Complaint, no longer appears to be operational.

9. On March 25, 2020, Plaintiffs completed service, through publication on Evdokimov and Cryptonomics. Dkt. No. 32.

10. Neither Evdokimov nor Cryptonomics responded to the Summons and on April 23, 2020, Plaintiffs requested that the Clerk enter defaults under Fed. R. Civ. P. 55(a). Dkt. No. 33.

11. The Clerk entered defaults on April 28, 2020. Dkt. No. 40.

12. On May 20, 2020, Plaintiffs moved for default judgment against the Defaulted Defendants. *See* Dkt. No. 41. On June 12, 2020, this Court denied Plaintiffs' motion for default judgment, without prejudice, because the action against Batura was still pending and a default judgment could affect Plaintiffs' claims against Batura. *See* Dkt. No. 42. On May 26, 2021, Plaintiffs and Batura filed a Stipulation of Voluntary Dismissal, dismissing Plaintiffs' claims against Batura. *See* Dkt. No. 83. Plaintiffs now renew their application for an entry of default judgment against Evdokimov and Cryptonomics.

13. Neither Cryptonomics nor Evdokimov are minors or incompetent persons.

14. The Servicemembers' Civil Relief Act of 1940 (50 U.S.C. §§ 3901-4043) does not apply to Evdokimov.

15. Since the commencement of this action through the date of this filing, Plaintiffs have not been contacted by the Defaulted Defendants or by any person purporting to represent them in this action.

16. The claims asserted in the First Amended Complaint are for damages arising from the Defaulted Defendants fraudulently misleading Plaintiffs to invest money to purchase bogus cryptocurrencies.

17. As a direct and proximate result of the Defaulted Defendants' conduct, as alleged in the First Amended Complaint, Plaintiffs seek $8,717,497.45 in compensatory damages, punitive damages in the amount of $8,717,497.45; prejudgment interest on based upon the compensatory damages; and post-judgment interest as provided by law from the date of entry of judgment until the date the judgment is paid in full.

18. Certain of these compensatory damages are based on the Plaintiffs' initial investments into Cryptonomics. Plaintiff Anaykin is evidencing his investments in part with screenshots from a website called Blockchain.com. Because a transaction on the Bitcoin blockchain leaves an immutable public record, parties with knowledge of a particular wallet address can trace all such transactions, which Blockchain.com has recorded for public viewing.

19. As for prejudgment interest, to be conservative, Plaintiffs propose using August 27, 2018, as the accrual date for prejudgment interest, as this was the last date on which either of the Plaintiffs invested in Cryptonomics. I calculated prejudgment interest (at California's default legal interest rate of 7% per annum) on the amount of $8,717,497.45 from August 27, 2018 through today, June 11, 2021, to be $1,709,462.80. That amount will increase by $1,671.85 per day thereafter, through the date of the judgment.

20. The Plaintiffs are also requesting punitive damages against the Defaulted Defendants in the amount of $8,717,497.45.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing facts are true and correct.

Executed this, the 11th day of June, 2021, at New York, New York.

    /s/ Jason Gottlieb
Jason Gottlieb